**UNITED STATES OF DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GONZALEZ & SONS EQUIPMENT, INC.,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**NATIONAL RAILROAD PASSENGER d/b/a AMTRAK,**<br><br>**Defendant.** | **Civil Action No.: 1:21-cv-1764-TJK** |

**AMENDED ANSWER TO COMPLAINT**

Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

**JURISDICTION AND VENUE**

1. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, except admits that it is a corporation organized and existing under the laws of the United States with its principal place of business in the District of Columbia.

3. Amtrak avers that Paragraph 3 contains conclusions of law to which no response is required. To the extent that a response is required, Amtrak denies the allegations contained in Paragraph 3.

4. Amtrak avers that Paragraph 4 contains conclusions of law to which no response is required. To the extent that a response is required, Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

**BACKGROUND**

5. Amtrak avers that Paragraph 5 contains conclusions of law to which no response is required. To the extent that a response is required, Amtrak denies the allegations contained in Paragraph 5.

6. Amtrak avers that Paragraph 6 contains conclusions of law to which no response is required. To the extent that a response is required, Amtrak denies the allegations contained in Paragraph 6, except admits that Amtrak and Plaintiff entered into a contract.

7. Amtrak avers that Paragraph 7 contains conclusions of law to which no response is required. To the extent that a response is required, Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Amtrak avers that Paragraph 8 contains conclusions of law to which no response is required. To the extent that a response is required, Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Amtrak avers that Paragraph 9 contains conclusions of law to which no response is required. To the extent that a response is required, Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Amtrak avers that Paragraph 10 contains conclusions of law to which no response is required. To the extent that a response is required, Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Amtrak denies the allegations contained in Paragraph 11.

12. Amtrak denies the allegations contained in Paragraph 12, including subparts (I) through (III).

13. Amtrak denies the allegations contained in Paragraph 13.

14. Amtrak denies the allegations contained in Paragraph 14.

15. Amtrak denies the allegations contained in Paragraph 15.

16. Amtrak denies the allegations contained in Paragraph 16.

17. Amtrak denies the allegations contained in Paragraph 17.

18. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Amtrak denies the allegations contained in Paragraph 19.

20. Amtrak denies the allegations contained in Paragraph 20.

21. Amtrak denies the allegations contained in Paragraph 21.

22. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Amtrak denies the allegations contained in Paragraph 23.

24. Amtrak denies the allegations contained in Paragraph 24.

25. Amtrak denies the allegations contained in Paragraph 25.

26. Amtrak denies the allegations contained in Paragraph 26.

27. Amtrak denies the allegations contained in Paragraph 27.

28. Amtrak denies the allegations contained in Paragraph 28.

29. Amtrak denies the allegations contained in Paragraph 29.

30. Amtrak denies the allegations contained in Paragraph 30.

31. Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Amtrak denies the allegations contained in Paragraph 32.

33. Amtrak denies the allegations contained in Paragraph 33.

34. Amtrak denies the allegations contained in Paragraph 34.

**WHEREFORE** Amtrak demands judgment dismissing the Complaint against it, together with attorneys' fees, interest and costs of suit, and such other and further relief as this Court deems just and proper

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages or otherwise act to lessen or reduce the damages alleged in its pleadings.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are precluded and/or preempted by federal law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by virtue of the doctrines of estoppel, waiver, laches, and/or release.

### FIFTH AFFIRMATIVE DEFENSE

The claims against Defendant are barred in whole or in part by the statute of frauds.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery in contract due to their own material breach of one or more of the operative contracts.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages claimed by plaintiff were caused solely by its own wrongful and/or negligent conduct and/or breach of the operative contracts, and/or by the actions and/or omissions of persons or entities other than Amtrak and over whom Amtrak exercised no control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's recovery should be barred or reduced because of its own negligence, fault, or other wrongful conduct.

## NINTH AFFIRMATIVE DEFENSE

Amtrak reserves all rights to add additional affirmative defenses that may be ascertained in the course of discovery in this action.

**WHEREFORE**, Amtrak demands judgment dismissing the Complaint against it, together with attorney's fees, interest, and costs of suit, and other such relief as the Court deems just and proper.

## COUNTER-CLAIMS

Amtrak, by its attorneys Landman Corsi Ballaine & Ford P.C., hereby asserts the following counter-claims against Plaintiff Gonzales & Sons Equipment, Inc. ("Gonzalez")

## FACTS COMMON TO ALL COUNTS

1. On October 24, 2019, Amtrak and Gonzalez entered into a contract under which, *inter alia*, Gonzalez agreed to complete a rail-construction project (the "Project").

2. Pursuant to the contract, Gonzalez agreed to complete the Project within 120 days of receipt of a Notice to Proceed.

3. Amtrak issued the Notice to Proceed on December 12, 2019, effective January 13, 2020.

4. Pursuant to the Notice to Proceed and the contract, Gonzalez was required to substantially complete the Project by May 12, 2020.

5. The substantial completion date was thereafter changed to an agreed upon date of August 31, 2020.

6. The parties recognized and agreed upon forming the contract that the time of beginning, the rate of progress, and time of completion were essential to the contract.

7. The parties further agreed that if Gonzalez did not timely complete the work, it would be liable for any and all loss, costs, or damage to Amtrak, including, but not limited to, increased labor and supervision costs and attorneys' fees.

8. In fact, the timely completion of the Project was so important to Amtrak that the parties agreed that for every calendar day the Project was delayed, Amtrak would be entitled $1,000.00 in addition to all damages Amtrak suffered as a result of Gonzalez's failure to complete the Project on time.

9. Pursuant to the contract, Gonzalez was required to notify Amtrak using a specific procedure and in a timely fashion of any delays to the Project.

10. Gonzalez did not comply with the contract's delay-notification requirements.

11. Even if the delay notification had been timely, which it was not, it was not compliant with the contract's requirements.

12. The Project was not substantially completed until on or after October 30, 2020.

13. As part of the Project, Amtrak was required to supply certain of its own employees to ensure the work was completed safely according to railroad-related regulations.

14. As a result of the delay to the Project, Amtrak was forced to incur additional labor costs associated with the Project, which it would not have incurred had the construction been completed timely.

**COUNT I**
(Liquidated Damages)

15. The foregoing paragraphs are incorporated herein by reference.

16. Under the contract, Gonzalez was required to complete the Project by August 31, 2020.

17. Gonzalez did not complete the performance of its duties under the contract by August 31, 2020.

18. Instead, performance was substantially completed on or after October 30, 2020.

19. Pursuant to the contract's liquidated damages provision, Amtrak is entitled to $1,000 for each day construction was delayed between August 31, 2020 and the date of substantial completion.

**COUNT TWO**
(Breach of Contract - Construction Delay)

20. The foregoing paragraphs are incorporated herein by reference.

21. Under the contract, Gonzalez was required to complete the Project by August 31, 2020.

22. It did not complete the Project by August 31, 2020.

23. As a result of its failure to complete the Project by August 31, 2020, Amtrak personnel were forced to provide safety-related services up to and including the date of substantial completion.

24. As a result of the this delay, Amtrak was forced to incur costs for its required safety personnel that it would not have paid if the Project had been completed timely.

25. As a result of Gonzalez's failure to complete the subject work by the agreed-upon date, Amtrak was required to expend labor costs above and beyond the labor costs it expected to incur.

**COUNT THREE**

(Breach of Contract - Failure to Provide Appropriate Quality Control)

26. The foregoing paragraphs are incorporated herein by reference.

27. Pursuant to the contract, Gonzalez agreed to provide a quality control organization and system to perform inspections and tests to ensure that the quality of the completion of the Project was sufficient.

28. Pursuant to the contract, Gonzalez agreed to supply Amtrak with certain quality control-related documents to confirm that the Project would be completed to appropriate quality standards.

29. Gonzalez did not provide such quality control organizations, systems, or documents.

30. As a result, Amtrak was forced to incur additional costs in supervising and correcting work completed as part of the Project and will incur additional costs in the future as a result of the failure of Gonzalez's quality-control methods.

**COUNT FOUR**

(Breach of Contract - Construction Defects)

31. The foregoing paragraphs are incorporated herein by reference.

32. Pursuant to the contract, Gonzalez was obligated to design and construct all components of the Project in accordance with the specifications it was provided and customary practice and professional standards.

33. The construction Gonzalez performed was not performed in accordance with the specifications it was provided nor with customary practice and professional standards.

34. The construction Gonzalez performed was and is defective, and constitutes material deviations from what was promised under the contract and deviations from customary practice and professional standards.

35. Theses deviations include, but are not limited to, concrete Gonzalez poured that has prematurely begun to spall and crack, as well as premature spalling and cracking that will affect the structural integrity of the railroad installation, both now and in the future.

36. As a result of the defective condition of the work Gonzalez completed as part of the Project, Amtrak will be forced to prematurely incur costs associated with rectifying the spalling and cracking.

**WHEREFORE** Amtrak demands judgment against Plaintiff Gonzalez in excess of $75,000 for breach of contract, liquidated damages, and all related damages flowing from said breach, including remediation, labor, equipment and material costs, together with attorneys' fees, interest, and costs of suit, and such other relief as the Court deems just and proper.

**JURY DEMAND**

Defendant Amtrak hereby demands a trial by jury of all issues so triable.

Dated: October 1, 2021

LANDMAN CORSI BALLAINE & FORD P.C.

By: *s/ Mark S. Landman*

Mark S. Landman, Esq.
District of Columbia Bar No. 286476
Landman Corsi Ballaine & Ford P.C.
Attorneys for Defendant National Railroad Passenger Corporation d/b/a Amtrak
120 Broadway, 13th Floor
New York, New York 10271
mlandman@lcbf.com

Tel: (212) 238-4800
Fax: (212) 238-4848